IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                                               CRIMINAL NO. 1:01cr65WJG
                                                                     CIVIL ACTION NO. 1:06cv283WJG

DANNY EARL MCDANIEL

O R D E R

This cause is before the Court on Defendant Danny Earl McDaniel's motion [48-1] to vacate, set-aside or correct sentence pursuant to 28 U.S.C. § 2255. After due consideration of the arguments, evidence of record, applicable law, and being otherwise advised in the premises, the Court finds as follows.

In December 2001, McDaniel was convicted by guilty plea to one count of possession of fictitious obligations and was sentenced to 27 months imprisonment, 5 years supervised release and $26,500.00 restitution. On December 6, 2002, McDaniel filed his initial section 2255 motion to vacate, set-aside or correct sentence, which was denied by Order of this Court entered July 12, 2004. McDaniel sought a certificate of appealability from the United States Court of Appeals for the Fifth Circuit, which was denied by Order entered February 20, 2006. On March 30, 2006, McDaniel filed the instant section 2255 motion seeking to vacate, set-aside or correct his sentence.

Initially, this Court must determine whether McDaniel's motion is a "second or successive" motion pursuant to section 2255. "A second or successive motion must be certified

as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255. Section 2244 provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). If McDaniel's present motion is deemed successive then said motion must be dismissed for want of jurisdiction because the Fifth Circuit has not authorized this Court to consider the instant motion.

The Fifth Circuit has held that a subsequent motion is second or successive when it: (1) raises a claim challenging the movant's conviction or sentence that was or could have been raised in an earlier motion; or (2) otherwise constitutes an abuse of the writ. *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). McDaniel's present motion presents four arguments[1]: (1) he was illegally sentenced in violation of the Sixth Amendment as expressed in *Blakely v. Washington*, 542 U.S. 296 (2004); (2) his counsel was ineffective for failing to fully advise him of the ramifications of waiving his right to appeal; (3) the Court failed to fully question him about his understanding of his waiver of appeal in violation of Rule 11 of the Federal Rules of Criminal Procedure; and, (4) the United States of America [United States] breached the plea agreement when it opposed a reduction for acceptance of responsibility. (Ct. R., Doc. 48.)

McDaniel's second, third and fourth arguments are fairly characterized as challenges to his conviction or sentence that could have been raised in an earlier motion. All of the events surrounding these challenges occurred during the time of the plea or sentencing hearings and should have been raised in McDaniel's initial section 2255 motion. For this reason, McDaniel's

---

[1]McDaniel's motion actually presents five arguments, but his first and fifth arguments are identical. (Ct. R., Doc. 48.)

claims relating to allegations of ineffective assistance of counsel, the Court's violation of Rule 11 and the United States breach of the plea agreement must be dismissed as successive claims without prejudice to McDaniel's right to seek certification from the Fifth Circuit.

McDaniel's first argument is premised upon the *Blakely* decision, which was not issued until June 24, 2004, well beyond McDaniel's initial filing. The Fifth Circuit, however, has spoken directly to the applicability of *Blakely*, finding that the decision is not retroactively applicable to cases on collateral review for purposes of an initial or successive section 2255 motion. *United States v. Gentry*, 432 F.3d 600, 605 (5th Cir. 2005); *In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005). Consequently, the Court finds McDaniel's claim premised on *Blakely* must be dismissed with prejudice. It is therefore,

ORDERED AND ADJUDGED that McDaniel's motion [48-1] to vacate, set-aside or correct sentence be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that McDaniel's claim for relief premised on *Blakely* be, and is hereby, dismissed with prejudice. It is further,

ORDERED AND ADJUDGED that McDaniel's claims for relief premised on allegations of ineffective assistance of counsel, the Court's violation of Rule 11 and the United States breach of the plea agreement be, and are hereby, dismissed without prejudice to McDaniel's right to seek certification from the Fifth Circuit.

SO ORDERED AND ADJUDGED this the 23rd day of June, 2006.

                                                  *Walter J. Gex III*
                                    UNITED STATES SENIOR DISTRICT JUDGE